UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID DREXLER,

Petitioner,

v. Case No. 05-C-1087

LANGLADE COUNTY,

Respondent.

---

**ORDER**

---

David Drexler, an inmate at New Lisbon Correctional Institution, filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence for armed burglary and felon in possession of a firearm were imposed in violation of the Constitution. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner claims witness bias, ineffective assistance of counsel, judicial bias, jury tampering, and, in an amendment, he adds a claim that his sentence is incorrect. The petitioner has not attached any state court decisions addressing his claims, and it is clear from the face of the petition that he has not exhausted his state remedies. He indicates that the reason for this was that

his attorney advised him to take a plea deal and then "try his luck" at collateral appeals. That would explain why he did not raise some of these issues (though not all) on direct appeal, but it does not explain why he did not first bring them in state court in collateral attacks. He does indicate that he brought a collateral proceeding in state court and that he received a two-year reduction in his sentence for reasons involving a waiver of his right to a jury trial. But he apparently did not raise the issues in that proceeding that he now raises in this court, and for that reason his petition must be dismissed for failure to exhaust. Federal courts are not courts of first resort for state prisoners; they are courts to be turned to only after the state courts have had an ample opportunity to address the petitioner's claims.

Related to the doctrine of exhaustion is the doctrine of procedural default. The procedural default doctrine, which like the exhaustion doctrine is grounded in principles of comity, federalism, and judicial efficiency, *Dretke v. Haley,* 541 U.S. 386, 388 (2004), normally will preclude a federal court from reaching the merits of a habeas claim when the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred. Thus, when a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim. As noted above, petitioner failed to present any of his instant claims to the state courts on direct appeal or in collateral motions. *State v. Escalona-Naranjo,* 185 Wis.2d 168, 181, 517 N.W.2d 157 (1994), makes it clear that postconviction proceedings under Wis. Stat. § 974.06 cannot be used to review issues which either were or could have been litigated on direct appeal, effectively precluding further state review. Thus, to the extent that any of his unexhausted claims are now unable to be raised in state court, it appears that the petitioner has

procedurally defaulted on those claims. The reason he gives for the default does not suffice to show either cause nor prejudice.

In addition to the foregoing, petitioner has named the wrong party. He names Langlade County, the county of his conviction, as the respondent. However, he is not in the custody of Langlade County and thus Langlade County is not a proper respondent to a petition seeking relief under § 2254. For this reason also the petition will be summarily dismissed.

THEREFORE, IT IS ORDERED that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated this 31st day of October, 2005.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge